IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CLAUDE R. JENKINS,**<br><br>Plaintiff,<br><br>v.<br><br>**OCWEN LOAN SERVICING, LLC,**<br><br>Defendant. | § § § § § § § § § § § § § § § § § | CASE NO. 13-CV-1078-RDR-KGS _____<br><br>In the District Court of the Thirtieth Judicial District, Sumner County, Kansas<br>Case No. 2013-CV-7 |

## NOTICE OF REMOVAL

Defendant Ocwen Loan Servicing, LLC ("Ocwen"), respectfully notifies this Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the District Court of the Thirtieth Judicial District, Sumner County, Kansas, to this Court. Plaintiff Claude Jenkins ("Plaintiff") asserts three causes of action: one, a count seeking a declaratory judgment; second, a count alleging violation of the Kansas Consumer Protection Act, K.S.A. 50-624 *et seq.*; and third, a count alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Removal is based on the grounds that federal question jurisdiction and diversity jurisdiction exist over this action. In support of removal, Ocwen submits this Notice.

### INTRODUCTION

1.      Plaintiff commenced this action against Ocwen in the District Court of the Thirtieth Judicial District, Sumner County, Kansas, on Jan. 16, 2013, bearing Case No. 2013-

1

CV-7. Ocwen was served with the summons and the petition on Jan. 18, 2013. True and correct copies of all processes, pleadings, and orders in this action to date are attached as **Exhibit A**. These documents constitute all the pleadings filed with the Thirtieth Judicial District Court in the state-court action.

2. Removal of this case is timely, in accordance with 28 U.S.C. § 1446(b), because this Notice is filed within 30 days of Jan. 18, 2013, the date when Ocwen received service of the summons and the petition.

## JURISDICTION

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1332 (diversity jurisdiction).

### I. Federal Question Jurisdiction

4. Ocwen denies each substantive allegation made by Plaintiff. However, because Plaintiff purports to assert a claim arising under the laws of the United States, this Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

5. Plaintiffs' petition alleges multiple violations of the federal Fair Debt Collection Practices Act ("FDCPA")—specifically, 15 U.S.C. §§ 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692c(c), 1692d(5), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f(1). (*See* Pet., Ex. A, ¶¶ 26–29).

6. To the extent that Plaintiff purports to state a claim under the FDCPA, this Court has jurisdiction under 28 U.S.C. § 1331. Actions filed in state courts that purport to state claims under the FDCPA may be removed to federal court. *See, e.g., Mondenado v. SLM Fin. Corp.*, No. 07-4059-JAR, 2007 WL 2264454, *2 (D. Kan. Aug. 3, 2007) (finding that the court had original jurisdiction over FDCPA claims and exercising supplemental jurisdiction over the

plaintiff's state-law claims). Ocwen denies, however, that Plaintiff can state a claim under the FDCPA.

7. Plaintiff also purports to state a claim for a declaratory judgment and a state-law claim under the KCPA. These claims should be removed as well, under 28 U.S.C. §§ 1367 and 1441.

8. This Court has supplemental jurisdiction over the declaratory judgment and KCPA claims because these claims arise out of the same operative facts as Plaintiff's FDCPA claims and "form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

9. This action is removable to this Court under 28 U.S.C. § 1441(b) without regard to the parties' citizenship because Plaintiff could have originally filed it in this Court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331. Supplemental jurisdiction exists over any additional claims pursuant to § 1367, and, therefore, removal is proper under § 1441(c).

## II. Diversity Jurisdiction

10. Plaintiff resides in Sumner County, Kansas, and is a citizen of Kansas.

11. Ocwen is a citizen of Florida. Ocwen, a Delaware limited liability company, has its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. For purposes of determining diversity of citizenship, the Tenth Circuit has long held that citizenship of an entity other than a corporation is determined by the citizenship of its members. *See Penteco Corp. Ltd. P'ship–1985A v. Union Gas Sys., Inc.*, 929 F. 2d 1519, 1522–23 (10th Cir. 1991) (citing *Carden v. Arkoma Assoc.*, 494 U.S. 185, 189 (1990)). The sole member of Ocwen Loan Servicing, LLC, is Ocwen Financial Corp., a Florida corporation.

12. Therefore, there is complete diversity between Plaintiff and Ocwen in this matter under 28 U.S.C. § 1332(a)(1).

13. It is facially apparent from the allegations in Plaintiff's petition that the amount in controversy exceeds the $75,000 jurisdictional threshold. Plaintiff alleges that Ocwen "has made well over a hundred phone calls" seeking to collect amounts that Plaintiff contends are not owed. (Ex. A, ¶¶ 16–17). He further contends that each attempt to collect money not owed violated the KCPA and expressly demands more than $75,000 in statutory damages under the KCPA. (*Id.* ¶¶ 25, 31).

14. Because the damages sought exceed $75,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

15. Ocwen, therefore, is entitled to remove the state-court action to this Court.

## VENUE

16. Venue for removal is proper in this district under 27 U.S.C. § 1441(a) because this district embraces the District Court of the Thirtieth Judicial District, Sumner County, Kansas, the forum in which the removed action was pending.

17. Concurrently with the filing of this Notice, Ocwen will file a copy of this Notice of Removal with the District Court of the Thirtieth Judicial District, Sumner County, Kansas.

**WHEREFORE**, Ocwen respectfully submits that this Notice complies with the statutory removal requirements; that this action should proceed in this Court as a properly removed action; and that Ocwen should have such other and further relief as this Court may deem just and proper.

Dated February 18, 2013.                Respectfully submitted,

MORRIS, LAING, EVANS, BROCK
  & KENNEDY, Chartered


/s/ Christopher T. Borniger
Christopher T. Borniger, KS #24692
300 N. Mead, Suite 200
Wichita, Kansas 67202-2745
Phone: 316-383-6428
Fax: 316-383-6528
E-mail: cborniger@morrislaing.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on Feb. 18, 2013, I have caused a true and correct copy of the foregoing to be delivered via e-mail and placed in the U.S. Mail, postage prepaid, and addressed to counsel of record on the service list below.

/s/ Christopher T. Borniger
Christopher T. Borniger

**Service list**:
Martin J. Peck
Security State Bank Building
107 E. Harvey, Second Floor
P.O. Box 421
Wellington, KS 67152
Phone: 620-326-5997
Fax: 620-326-6887
E-mail: peck@martinjpeck.com
*Attorney for Plaintiff*